**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO.  CR-08-0026-HE |
| | ) | |
| EARL E. BERRY, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

Defendant Earl E. Berry, Jr. pleaded guilty to being a felon in possession of a firearm and possession of cocaine base with intent to distribute.  He was sentenced on July 1, 2008, to a total term of imprisonment of 121 months and four years of supervised release.[1]  The defendant did not appeal his conviction or sentence.[2]  On July 1, 2009, he filed a motion under 28 U.S.C. § 2255, claiming ineffective assistance of counsel; that the court had jurisdiction to consider the crack cocaine/powder cocaine disparity when imposing his sentence; and that the powder cocaine to crack cocaine conversion calculation in the presentence report was erroneous.  The government has responded,  moving to enforce the collateral challenge waiver in the defendant's plea agreement.[3]

---

[1]*The judgment was entered on July 2, 2008.*

[2]*The docket sheet reflects that the defendant sent the court clerk a letter, dated August 18, 2008, and received on August 25, 2008, in which he states: "I'm writing to inquire about the status of my appeal, CR-08-026-HE.  I have yet to hear anything about it."  The clerk court's office responded to the letter by advising the defendant that a notice of appeal had not been filed and sending him a copy of the docket sheet.  The defendant was advised by the court of his right to appeal during the sentencing hearing.  Sentencing Transcript, Doc. #46, pp. 14-15.*

[3]*In its response the government also addresses the merits of the defendant's claims.  The court does not consider the merits as it finds the waiver in the defendant's plea agreement to be*

The Tenth Circuit generally enforces plea agreements that waive appellate rights, United States v. Porter, 405 F.3d 1136, 1142 (10th Cir. 2005), and "collateral attack rights brought under § 2255." United States v. Cockerham, 237 F.3d 1179, 1183 (10th Cir. 2001). The defendant's ability to challenge his sentence depends on whether his collateral attack falls within the scope of the waiver, whether the waiver was knowing and voluntary, and whether enforcement of the waiver would result in a miscarriage of justice. *See* Porter, 405 F.3d at 1142; Cockerham, 237 F.3d at 1183 ("[T]he constraints which apply to a waiver of the right to direct appeal also apply to a waiver of collateral attack rights."). Ineffective assistance of counsel claims "challenging the validity of the plea or the waiver" are preserved. Cockerham, 237 F.3d at 1187.

Initially the court must determine whether the defendant's ineffective assistance of counsel claims "fall into the protected category that survives a waiver." Cockerham, 237 at 1188. The defendant alleges that his attorney failed: (1) to timely disclose the presentence report; (2) to properly investigate the 100-to-1 powder-to-crack cocaine sentencing ratio; (3) to challenge the method "utilized on powder converted to crack;" (4) to request expert testimony regarding the amount of powder that could have been converted to crack cocaine; (5) to "request a lab report to challenge [the ] Government version of the factual basis;" and (6) "to preserve the issues or perfect the record for appellant review."[4] Defendant's § 2255 motion, p. 4; supporting brief, p.3. These asserted errors relate to the attorney's performance

---

*enforceable.*

[4]*The defendant does not claim that his attorney failed, despite a request, to file an appeal. Instead, he asserts that defense counsel failed to lay the groundwork for an appeal.*

in conjunction with the defendant's sentencing. As they do not pertain to the validity of the plea or the waiver, they are waived so long as they fall within the scope of the waiver and the defendant knowingly and voluntarily entered the plea and made the waiver. Cockerham, 237 F.3d at 1188.

> The defendant's plea agreement contains a waiver of his rights to:
>
> a. Appeal or collaterally challenge his guilty plea, sentence and restitution imposed, and any other aspect of his conviction, including but not limited to any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;
>
> b. Appeal, collaterally challenge, or move to modify under 18 U.S.C. §3582(c)(2) or some other ground, his sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the advisory guideline range determined by the Court to apply to this case....

Plea Agreement, Doc. #25, ¶ 8.[5] As the claims asserted by the defendant in his § 2255 motion consist of collateral challenges to the validity of his sentence, they clearly are within the scope of the waiver. *See* United States v. Trejo-Nolasquez, 2009 WL 3166960, at *2 (10th Cir. 2009) (unpublished) ("The waiver Trejo-Nolasquez signed explicitly stated that he waived his right to appeal any sentence imposed within or below the applicable Sentencing Guideline range. The district court sentenced Trejo-Nolasquez to a term within his applicable Guideline range and thus his instant appeal, which challenges the substantive reasonableness of the sentence imposed, is unquestionably within the scope of the waiver that he signed.").

---

[5]*The defendant did not "waive the right to appeal a sentence above the advisory sentencing guideline range determined by the Court to apply to this case." Plea Agreement, Doc. #25, ¶8. However, the defendant was sentenced within the advisory range. Sentencing Transcript, Doc. #46, pp. 7-8*

The court also concludes that the waiver was knowing and voluntary.

The defendant does not argue that his plea or the waiver was unknowing or involuntary. The written waiver itself states that in exchange for the promises and concessions made by the United States in the plea agreement, the defendant "knowingly and voluntarily" waived his appellate and collateral-attack rights. Plea Agreement, Doc. #25, ¶8. During the plea hearing the government attorney, while summarizing the principal terms of the plea agreement, noted that the defendant had agreed to "waive his right to appeal or collaterally challenge the sentence so long as he [was] sentenced within or below the advisory guideline range." Plea transcript, Doc. #45, p. 10. Later during the hearing the defendant, when questioned by the court, affirmed that he understood that he was giving up his right to appeal the sentence, so long as it did not exceed the guideline range. Nothing in the record indicates that the waiver was unknowing or involuntary.

Finally, the court considers whether enforcing the waiver would result in a miscarriage of justice. This prong requires the defendant "to show (a) his sentence relied on an impermissible factor such as race; (b) ineffective assistance of counsel in connection with the negotiation of the waiver rendered the waiver invalid; (c) his sentence exceeded the statutory maximum; or (d) the waiver is otherwise unlawful and the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" Frierson, 308 Fed.Appx. at 301 (quoting Hahn, 359 F.3d at 1327). The defendant has not offered any basis for the conclusion that enforcement of the waiver would constitute a "miscarriage of justice."

Accordingly, the defendant's § 2255 [Doc. #39] motion is **DENIED**. An evidentiary

hearing is unnecessary to the determination of these issues.  *See* 28 U.S.C. § 2255 (prompt hearing required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief").

**IT IS SO ORDERED**.

Dated this 19th day of October, 2009.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE